MARY TALMADGE, RESPONDENT, v. NEW YORK, SUSQUE-
HANNA AND WESTERN RAILROAD COMPANY, APPEL-
LANT.

Argued June 25, 1919—Decided June 25, 1919.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is a workmen's compensation case. The findings of fact, adequately supported by evidence, show. that deceased, an employe of prosecutor, was killed by an accident arising out of and in the course of his employment, viz., by being run over by one of defendant's trains. The train contained cars engaged in interstate commerce, and it sufficiently appears that deceased himself was at the time so engaging. From these premises it is argued that the federal statute applied and is exclusive, and that, therefore, the Sussex Pleas was without jurisdiction.

"The point is settled otherwise for us by the very recent decision of the Court of Errors and Appeals in *Winfield* v. *Erie Railroad Co.*, 88 *N. J. L.* 619, in which that court held that the State act would apply unless the employer pleaded and proved that the accident in question was due to the negligence of himself or his servants. No such claim is made here. The judgment must therefore be affirmed."

For the appellant, *Collins & Corbin*.

For the respondent, *William V. Rosenkrans*.

PER CURIAM.

The case of *Winfield* v. *Erie Railroad Co.*, 88 *N. J. L.* 619, upon which the Supreme Court based its decision, was later overruled by the Supreme Court of the United States in *Erie Railroad Co.* v. *Winfield*, 244 *U. S.* 170; 61 *L. Ed.*

1057. This decision is controlling and requires a reversal of the judgment of our Supreme Court, which is ordered accordingly.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 9.